a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

YE AUNG LWIN,                                    CIVIL DOCKET NO. 1:25-CV-01692
Petitioner                                                                    SEC P

VERSUS                                                              JUDGE EDWARDS

ELEAZAR GARCIA JR ET AL,        MAGISTRATE JUDGE PEREZ-MONTES
Respondents

---

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by Petitioner Ye Aung Lwin ("Lwin"), an immigration detainee at Winn Correctional Central in Winnfield, Louisiana. Lwin challenges the legality of his continued detention.

Because there is no significant likelihood of Lwin's removal in the reasonably foreseeable future, the Petition should be GRANTED.

## I.    Background

Lwin alleges that he entered the United States as a refugee in 2012, and he became a lawful permanent resident. ECF No. 1 at 3.

On November 21, 2022, Lwin was apprehended by ICE and issued a Warrant of Arrest/Notice to Appear, placing him in removal proceedings due to criminal convictions. ECF Nos. 1-1 at 2; 13-1 at 3. On December 20, 2022, Lwin was released from custody after posting bond. *Id.*

1

On October 23, 2023, Lwin was encountered by ICE at the Indiana Department of Corrections. Lwin was transferred to ICE custody pursuant to a detainer. ECF No. 13-1 at 3.

On December 16, 2024, Lwin was ordered removed to Burma, but removal was deferred under the Convention Against Torture. ECF No. 13-4. Both Lwin and the Government waived appeal, so the removal order became final. *Id.*

## II.  Law and Analysis

The Court has jurisdiction to consider Lwin's challenge to his continued post-removal order detention. *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it. Thus, . . . the Court retains jurisdiction to review his detention."); *Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *report and recommendation adopted*, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *report and recommendation adopted*, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

After an alien is ordered removed, the Government has 90 days with which to effectuate the removal. *See* 8 U.S.C. § 1231(a)(1)(A). However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that

alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In fact, detention for up to six months is "presumptively reasonable." *Id.* Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.; see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

If the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing with evidence or release the alien. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018); *Zadvydas*, 533 U.S. at 701.

Because Lwin's removal order became final on December 16, 2024, he has been detained well beyond the presumptively reasonable period. So, the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025).

Lwin provides good reason to believe that there is no significant likelihood of his removal in the foreseeable future. Lwin was granted deferral of removal to Burma under the Convention Against Torture, which is a clear barrier to his repatriation.

3

*See Hmung v. Bondi*, 25-cv-1303, 2025 WL 3657221, at *3 (W.D. Okla. Dec. 9, 2025), *report and recommendation adopted, 2025 WL 3670499* (W.D. Okla. Dec. 17, 2025); *Trejo v. Warden of ERO El Paso E. Montana*, 25-cv-401, 2025 WL 2992187, at *5 (W.D. Tex. Oct. 24, 2025); *Misirbekov v. Venegas*, 25-cv-00168, 2025 WL 2450991, *1 (S.D. Tex. Aug. 15, 2025). Additionally, there is no evidence that any third country has been contacted—or even identified. Lwin has now been detained for 30 months, including 16 months since his removal order became final. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701.

The burden shifts to the Government to provide evidence of a significant likelihood that Lwin will be deported in the reasonably foreseeable future. The Government alleges that efforts to find a third country are ongoing, but it provides no evidence to support that assertion.[1] The likelihood of Lwin being deported to some unidentified country in the reasonably foreseeable future is not significant.

Whatever latitude § 1231(a)(6) and executive policy may afford for temporary, good-faith efforts to secure travel documents, they do not permit the Government to hold anyone, regardless of criminal history, on American soil and in civil detention

---

[1] The Government provides copies of Lwin's criminal charges and convictions. However, these exhibits are irrelevant to the likelihood of removal in the reasonably foreseeable future. The petitioners in *Zadvydas* were also criminals. And under *Zadvydas*, § 1231(a)(6) does not authorize indefinite detention. *See generally, Rodriguez Romero v. Ladwig*, 25-CV-1106, 2026 WL 321437, at *1 (M.D. La. Feb. 6, 2026) (petitioners' criminal histories are irrelevant to the court's analysis under *Zadvydas*); *Mofrad v. Bondi*, 2:25-CV-01319, 2026 WL 458115, at *1 (D.N.M. Feb. 18, 2026), *report and recommendation adopted*, 2026 WL 686542 (D.N.M. Mar. 11, 2026) (same).

for years while it waits on speculative, undefined, and shifting possibilities of removal to countries whose willingness to receive him remain uncertain. *See Zadvydas*, 533 U.S. at 689–701. On this record, Lwin has plainly provided a good reason to believe there is no significant likelihood of his removal in the foreseeable future, and the Government has failed to meet its burden to refute that assertion.

### III.   Conclusion

Because there is no significant likelihood of Lwin's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition (ECF No. 1) be GRANTED and Lwin be RELEASED under appropriate conditions.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, April 27, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE